**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Ruth Cantu

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

**RUTH CANTU,**

Plaintiff,

vs.

**A R CLIENT SERVICES LLC; AND KEVIN GATELY, an Individual,**

Defendants.

**Case No.:**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

**I. THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692, ET SEQ.;**

**II. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788, ET SEQ.; AND**

**III. INVASION OF PRIVACY**

**JURY TRIAL DEMANDED**

///

///

///

///

///

///

///

///

///



KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## INTRODUCTION

1. Plaintiff RUTH CANTU ("Plaintiff"), by and through Plaintiff's attorneys, brings this action to challenge the collection efforts of A R CLIENT SERVICES LLC and KEVIN GATELY (collectively as "Defendants") with regard to attempts by Defendants, who are debt collectors, to unlawfully and abusively collect a debt claimed to be owed from Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), the California Rosenthal Act, California Civil Code §§ 1788, et seq. ("RFDCPA"), and invasion of privacy, and this conduct caused Plaintiff damages.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. In addition, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts, and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the plaintiff, or to the plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by each Defendant took place in the State of California.

7. Any violations by each Defendant were knowing, willful, and intentional, and each Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of each Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over this matter as this action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). This Court also has supplemental jurisdiction over Plaintiff's state law claims arising under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17, et seq. ("RFDCPA").

10. Jurisdiction of this Court is proper because the conduct complained of herein occurred in the County of San Bernardino, in the State of California.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper in the Eastern Division of the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in the County of San Bernardino, State of California, the harm to Plaintiff occurred in the County of San Bernardino, State of California, and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Defendants are subject to personal jurisdiction in the County of San Bernardino, State of California, as they each are located and conduct business there.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Apple Valley, in the County of San Bernardino, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant A R CLIENT SERVICES LLC is a debt collector incorporated under the laws of the State of California with its headquarters and principal place of business located at 15000 7th Street, Suite 102, Victorville, California 92395.

15. Defendant KEVIN GATELY resides in the City of Apple Valley and is a debt collector who works for and/or with Defendant A R CLIENT SERVICES LLC as an employee, Manager, and/or its Chief Executive Officer.

16. Defendants, are each persons who in the ordinary course of business use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who in the ordinary course of business, regularly, on behalf of itself or others, engage in debt collection as that term is defined by Cal. Civil Code § 1788.2(b) by collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" as that phrase is defined by Cal. Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. At all times relevant, Defendants conducted business in and were located in the State of California.

20. Sometime prior to this action, Plaintiff allegedly incurred financial obligations to Hands of Health Chiropractic, the original creditor, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(5).

21. Plaintiff allegedly fell behind in the payments claimed to be owed to the original creditor.

22. Thereafter, this alleged debt was assigned, placed, transferred, or sold to Defendants for collection thereon.

23. Through this action, Plaintiff makes no admission regarding the validity of the alleged debt sought by Defendants or the original creditor, nor does Plaintiff admit that the alleged debt was actually owed to Defendants.

24. Sometime beginning in or about May 2019, Defendants began stalking, prowling, intimidating, harassing, and otherwise using unfair, abusive, and unlawful collection tactics against Plaintiff. This conduct, as alleged in further detail herein, constitutes multiple violations of the FDCPA and RFDCPA.

25. As a result of the harassing and intimidating nature of Defendants' conduct, Plaintiff grew concerned for her safety, and purchased and installed additional locks for her home and had security cameras installed around her property.

26. On one occasion, around 10:48 a.m. on May 22, 2019, Plaintiff's video surveillance alerted Plaintiff to a person who Plaintiff believed to be Defendants' employee or agent approaching and walking around Plaintiff's home with a

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

camera phone attached to a selfie stick, which was used to take multiple photos of Plaintiff's property, the gate and locks enclosing the entrance to her home, as well as the windows around the side of Plaintiff's home.

27. Plaintiff had a reasonable expectation of seclusion, solitude, and privacy in her own home. Through the conduct described herein, Defendants penetrated Plaintiff's zone of physical and sensory privacy surrounding her home and Defendants obtained unwanted access to information concerning Plaintiff.

28. In fear for her safety and her life as a result of Defendants' conduct, Plaintiff made a crime report with the San Bernardino County Sheriff's Department on or about May 25, 2019 detailing Defendants' conduct on May 22, 2019.

29. Defendants filed a collection action against Plaintiff on July 3, 2019 in the Superior Court of California, County of San Bernardino, entitled *A R Client Services, LLC v. Ruth Cantu*, Case No. CIVDS1919554.

30. The filing of the collection action against Plaintiff constituted "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

31. Defendant Kevin Gately filed the collection action against Plaintiff in pro per on behalf of Defendant A R Client Services LLC. However, Defendant A R Client Services LLC is a Limited Liability Company, and thus a fictitious person, which is required to be to be represented by an attorney in court proceedings. Despite this, Defendants illegally filed the collection action in pro per without an attorney acting on their behalf and Defendant Kevin Gately represented Defendant A R Client Services LLC in the collection action.

32. By unlawfully filing the complaint and pursuing the collection action in the state court on their own behalf without an attorney, Defendants also violated 15 U.S.C. § 1692e(5) by threatening to take an action that Defendants were not legally entitled to take in connection with the collection of an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendant has also violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendants also violated 15 U.S.C. sections 1692e and 1692e(10) by using false, deceptive, and misleading representations in connection with collection of an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendant has also violated Cal. Civ. Code § 1788.17.

34. Sometime after the collection action was filed, based on a suggestion from the investigating police officer, Plaintiff independently searched for any legal action involving her; and by doing so was able to find and obtain copies of the Complaint and other documents filed by Defendants in the collection action directly from the state court.

35. Upon review of the debt collection Complaint filed by Defendants, Plaintiff learned that Defendants had attached documents appearing to be billing from the original creditor, which not only included a detailed list of Plaintiff's medical treatment, but also included Plaintiff's unredacted date of birth, and Plaintiff's patient intake sheet which contained information provided to the original creditor which was unrelated and irrelevant to the collection action, and most offensively, contained a Patient Details sheet which included Plaintiff's full unredacted Social Security Number, birth date, address and telephone number.

36. By publicly disclosing Plaintiff's personal identifiers, including Plaintiff's entire unredacted Social Security Number in Defendants' debt collection complaint, Defendants failed to follow California Rules of Court related to protection of privacy, and subjected Plaintiff to the actual, immediate, and continuing risk of identity theft.

37. Through the above conduct, Defendants have engaged in conduct the natural the consequence of which is to harass, oppress, or abuse Plaintiff in violation of 15 U.S.C. § 1692d. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendants have also violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

38. Through the above conduct, Defendants also used unfair and unconscionable means to attempt to collect an alleged debt from Plaintiff in violation of 15 U.S.C. § 1692f. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendants have also violated Cal. Civ. Code § 1788.17.

39. On July 8, 2019 at approximately 2:06 p.m., Defendant Kevin Gately parked a vehicle outside Plaintiff's home, blocking her driveway, and walked up Plaintiff's driveway and around the side of Plaintiff's home with a camera phone in hand.

40. On or about August 9, 2019, Defendants filed a Proof of Service of Summons in the collection action that falsely stated Plaintiff had been personally served on July 9, 2019 at 1:00 p.m. at Plaintiff's home address. The Proof of Service of Summons was signed by an individual named Maribel Rodriguez and dated July 9, 2019.

41. Despite Defendants' filing of the Proof of Service, representing to the state court that Plaintiff had been served, Plaintiff was never properly served with the Summons and Complaint related to the collection action.

42. Through this conduct, Defendants have each violated Cal. Civ. Code § 1788.15(a) by attempting to pursue the collection action and attempting to collect a consumer debt from Plaintiff by means of judicial proceedings when Defendants knew or should have known that service of process, which was essential to jurisdiction over the Plaintiff, has not been legally effected.

43. Nonetheless, even after filing the Proof of Service in the collection action representing that Plaintiff had been served, leaving no reason to approach Plaintiff or her property, Defendants still continued to repeatedly stalking, prowl, harass and attempt to intimidate Plaintiff at her home despite having no legal purpose or authority to do so.

44. On or about August 21, 2019, Defendants' employee or agent drove onto Plaintiff's property, into the driveway, and approached Plaintiff's gardener to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

ask if he had seen Plaintiff and to pass a message on to her if he saw Plaintiff.

45. On or about On or about August 22, 2019, Defendant Kevin Gately parked a vehicle outside Plaintiff's home, blocking her driveway, appearing to wait for Plaintiff to come outside her house, and attempting to harass and intimidate Plaintiff, and block her from leaving her home. When Plaintiff's neighbor asked Defendant Kevin Gately why he had parked there, Defendant Kevin Gately falsely told the neighbor that he had parked there, despite abundant open space on the street, because he was delivering materials three houses down.

46. On or about August 26, 2019, after Plaintiff had complained of Defendants' conduct to the San Bernardino County Sherriff's Department, a police officer knocked on the door of Defendant Kevin Gately's home and asked why Defendants had repeatedly been at Plaintiff's home, Defendant Kevin Gately told the officer that his company had sued Plaintiff and Defendants had several people attempting to serve her. The police officer then shared this information with Plaintiff, which confirmed that each of the incidents where she saw individuals stalking, prowling, intimidating and harassing Plaintiff was indeed Defendants and/or their employees or agents.

47. Nonetheless, Defendants' harassing and intimidating conduct needlessly continued despite Defendants' representation to the Court that Plaintiff had already been served with notice of the collection action.

48. On another occasion, on or about October 23, 2019, Defendants' employee or agent parked outside Plaintiff's home, took photos of and attempted to open or tamper with Plaintiff's mailbox.

49. In the middle of the night, at approximately 2:56 a.m. on November 13, 2019, Defendants' employee or agent approached Plaintiff's home in the dark wearing a dark-colored hooded sweatshirt and a stack of Plaintiff's opened mail, which included Plaintiff's personal information and insurance documents, was slipped underneath the gate enclosing the entrance of Plaintiff's home, then proceeded to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

walk around the perimeter and side of Plaintiff's home before finally leaving walking away in the opposite direction than he initially approached from.

50. Later the same day, Plaintiff was informed by her neighbor that someone had broken into her mailbox last night and pried her mailbox open, leaving the mailbox door hanging.

51. Through the above conduct, Defendants have engaged in conduct the natural the consequence of which is to harass, oppress, or abuse a person in connection with the collection an alleged debt in violation of 15 U.S.C. § 1692d. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendants have also violated Cal. Civ. Code § 1788.17.

52. Through the above-described conduct, Defendants also violated 15 U.S.C. Sections 1692e and 1692e(10) by using false, deceptive, or misleading representations or means to attempt to collect an alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendants have violated Cal. Civ. Code § 1788.17.

53. On September 5, 2019, the state court held an ex parte hearing in the collection action, which Defendant Kevin Gately appeared at pro se and on behalf of Defendant A R Client Services LLC while knowing that he was not an attorney and was not legally permitted to practice law without a license. After vacating the hearing, the court noted that Defendants could not practice law without a license and must be represented by an attorney. Plaintiff also attended this ex parte hearing in person and immediately recognized Defendant Kevin Gately as one of the individuals who she had previously seen parked outside and approaching and monitoring her home.

54. As a result of the above, sometime in or around November, Plaintiff saw her physician regarding the stress and anxiety caused by Defendants, and Plaintiff was prescribed medication to help her relax and sleep.

55. At the state court's trial setting conference on January 2, 2020, Plaintiff appeared via Court Call, but Defendants failed to appear, and the court again noted in its minutes that Defendant A R Client Services LLC is a Limited Liability Corporation which deeded to be represented as an attorney, however Defendant A R Client Services LLC filed the action against Ms. Cantu in pro per. As a result of Defendants' failure to appear for the trial setting conference, the court set an order to show case hearing for March 10, 2020 and warned that the matter would be dismissed if Defendants failed to appear again at the next hearing. The state court mailed notice of this minute order to Defendants.

56. Subsequently, on March 10, 2020, at the order to show cause hearing set after Defendants failure to appear at the trial setting conference in the collection action, Defendants again failed to appear to prosecute the case Defendants filed against Plaintiff. As a result, the court ordered Defendants' action dismissed with prejudice based on Defendants' failure to appear and Defendants lack of prosecution before trial.

57. Defendants' state court filing and pro se representation in the collection action against Plaintiff and when such conduct was not legally permissible and Defendants' abandonment of its case and failure to prosecute the action against Plaintiff demonstrates Defendants' lack of a true intention to actually pursue litigation against Plaintiff and further illustrates Defendants pattern of illegal, abusive, and harassing collection practices with regard to the debt Defendants sought to collect from Plaintiff.

58. Through this conduct, Defendant has violated 15 U.S.C. Sections 1692e and 1692e(5) by threatening to pursue a legal action against Plaintiff, when such an action was could not actually be taken and/or was not actually intended to be taken. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

59. Through the above-described conduct, Defendants have also violated 15 U.S.C. Sections 1692e and 1692e(10) by using false, deceptive, or misleading representations or means to attempt to collect an alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendants have violated Cal. Civ. Code § 1788.17.

60. Through the above conduct, Defendants have violated 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendants have violated Cal. Civ. Code § 1788.17.

61. Through all of the above-alleged conduct, Defendant has engaged in conduct which constitutes numerous violations of the FDCPA and RFDCPA.

62. As a result of Defendant's unfair, abusive, harassing and oppressive conduct in connection with its debt collection activity and Defendant's invasion of privacy, Plaintiff has incurred out of pocket expenses for purchase and installation of home security system as a result of Defendants' conduct, as well as costs and expenses related to Plaintiff's attempts to represent herself in the collection action filed against her by Defendants, which Defendants abandoned and did not have the ability or intention to actually pursue. In addition, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, stress and feelings of despair over Defendants' conduct and communications with Plaintiff in violation of the FDCPA and RFDCPA, and an invasion of Plaintiff's privacy.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692, et seq. (FDCPA)

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of

the FDCPA.

65. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788, et seq. (RFDCPA)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

68. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT III

## INVASION OF PRIVACY

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. Plaintiff had a legally protected expectation of privacy in her home and in the private personal information that Defendants publically filed with the court in the collection action.

71. Plaintiff reasonably expected that her private medical treatment and sensitive personal information would be protected from disclosure to the public and would be safeguarded from unauthorized disclosure or use for any improper purpose.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

72. Plaintiff suffered a serious and substantial invasion of her privacy interest as a result of Defendants intrusion on seclusion of Plaintiff and intrusion into private affairs when Defendants repeatedly came onto Plaintiff's property attempting to monitor her and Defendants took photographs or video around Plaintiff's home, gates, doors, and windows.

73. Plaintiff also suffered a serious and substantial invasion of her privacy interest when Defendants made public disclosure of private facts by unlawfully and impermissible publically disclosing Plaintiff's medical treatments, date of birth, address, contact information, and Plaintiff's entire unredacted Social Security Number in its public court filing, which has been and continues to remain accessible to the general public and unauthorized persons.

74. Defendants' public disclosure of Plaintiff's medical treatment, and sensitive personal information was without Plaintiff's consent and was done in a manner highly offensive to Plaintiff and would be offensive to a reasonable person.

75. Defendants acted in reckless disregard for the privacy rights of Plaintiff by voluntarily disclosing such personal sensitive information to the public and failing to redact such personal information when Defendants were required to do so pursuant to California Rules of Court and Defendants knew or should have known that such a disclosure of Plaintiff's medical treatments and personal information would be highly offensive to a reasonable person in Plaintiff's position.

76. Defendant intruded upon Plaintiff's reasonable expectation of privacy through the above-alleged conduct and Defendants have violated Plaintiff's rights to privacy under common law, Federal law as well as California state law.

77. As a direct and proximate result of Defendants' conduct, Plaintiff's confidential medical information and sensitive personal information were unlawfully disclosed and made accessible by Defendants to unauthorized persons, and such information has been viewed or is at imminent and continued risk of being

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

viewed by unconsented and unauthorized persons, thereby injuring Plaintiff and subjecting Plaintiff to imminent and continuous risk of further injury and damages as well as mental anguish, anxiety, embarrassment, and stress as a result of Defendant's invasion of privacy. Thus Plaintiff is entitled to relief for Defendant's unlawful invasion of Plaintiff's privacy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each of the Defendants for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each Defendant individually;
- A finding that Defendants are each liable for Invasion of Privacy;
- An award of actual damages, special damages, and punitive damages for Defendants' Invasion of Privacy in an amount to be determined at trial;
- Injunctive relief enjoining Defendants from continued or further invasion of Plaintiff's privacy; and
- Any and all other relief that this Court deems just and proper.

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**TRIAL BY JURY**

78. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 14, 2020

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *s/ Mona Amini*
Mona Amini, Esq.
*Attorneys for Plaintiff*