UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01036 PA (KKx) | Date | August 18, 2020 |
|---|---|---|---|
| Title | Ruth Cantu v. A R Client Services LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Default Judgment filed by plaintiff Ruth Cantu ("Plaintiff") (Dkt. No. 17). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for August 24, 2020 is vacated, and the matter taken off calendar.

**I.   Background**

As alleged in Plaintiff's Complaint, Plaintiff "incurred financial obligations to Hands of Health Chiropractic." (Dkt. No. 1 ¶ 20.) "[T]his alleged debt was assigned, placed, transferred, or sold" to defendants A R Client Services LLC and Kevin Gately ("Defendants"). (Id. ¶ 22.) Beginning in May 2019, "Defendants began stalking, prowling, intimidating, harassing, and otherwise using unfair, abusive, and unlawful collection tactics against Plaintiff." (Id. ¶ 24.) Plaintiff claims she "grew concerned for her safety, and purchased and installed additional locks for her home and had security cameras installed [on] her property." (Id. ¶ 25.)

"On one occasion, around 10:48 a.m. on May 22, 2019, Plaintiff's video surveillance alerted Plaintiff to a person who Plaintiff believed to be Defendants' employee or agent approaching and walking around Plaintiff's home with a camera phone." (Id. ¶ 26.) On August 21, 2019, "Defendants' employee or agent drove onto Plaintiff's property, into the driveway, and approached Plaintiff's gardener to ask if he had seen Plaintiff and to pass a message on to her." (Id. ¶ 44.) On August 22, 2019, "Defendant Kevin Gately parked a vehicle outside Plaintiff's home, blocking her driveway, appearing to wait for Plaintiff to come outside her house, and attempting to harass and intimidate Plaintiff." (Id. ¶ 45.) "In the middle of the night . . . on November 13, 2019, Defendants' employee or agent approached Plaintiff's home in the dark . . . holding a stack of Plaintiff's unopened mail. (Id. ¶ 49.)

Defendants allegedly "filed a collection action against Plaintiff on July 3, 2019 in the Superior Court of California." (Id. ¶ 28.) Defendant Kevin Gately "filed the collection action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01036 PA (KKx) | Date | August 18, 2020 |
|---|---|---|---|
| Title | Ruth Cantu v. A R Client Services LLC, et al. | | |

against Plaintiff in pro per on behalf of A R Client Services LLC." (Id. ¶ 31.) In the Complaint, Plaintiff "learned that Defendants had attached documents appearing to be billing from the original creditor, which not only included a detailed list of Plaintiff's medical treatment, but also included Plaintiff's unredacted date of birth and Plaintiff's patient intake sheet." (Id. ¶ 35.) On March 10, 2020, at an order to show cause hearing set after Defendants' "failure to appear at the trial setting conference . . ., Defendants again failed to appear to prosecute the case." (Id. ¶ 56.) "As a result, the court ordered Defendants' action dismissed with prejudice." (Id.)

Plaintiff brings claims against Defendants for: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), (2) violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), and (3) invasion of privacy. (Id. ¶¶ 63-77.)

According to the Proofs of Service filed by Plaintiff, Defendants were served on May 21, 2020. (Dkt. Nos. 11, 12.) Defendants have not timely filed answers or otherwise appeared in this action. The Clerk entered Defendants' defaults on June 25, 2020. (Dkt. No. 15.) Plaintiff filed this Motion on July 25, 2020. To date, despite being served with notice of this Motion, and the expiration of their time to do so, Defendants have not filed an Opposition.

**II.      Discussion**

    **A.      Liability**

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the Court finds that these factors weigh in favor of granting Plaintiff's Motion. In light of the well-pleaded allegations in the Complaint and Defendants' failure to answer or otherwise participate in the action, Plaintiff's interest in an efficient resolution of this case outweighs Defendants' interests in adjudication on the merits. See PepsiCo, Inc. v. Cal. Sec.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01036 PA (KKx) | Date | August 18, 2020 |
|---|---|---|---|
| Title | Ruth Cantu v. A R Client Services LLC, et al. | | |

Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). In addition, there is "no indication that Defendants' default is due to excusable neglect, or that the material facts are in dispute." Halsey v. Colonial Asset Management, 13-cv-02025, 2014 WL 12601015, at *2 (C.D. Cal. July 17, 2014).

### B. Damages

While liability allegations are deemed admitted in a motion for default judgment, damage allegations in the complaint are not. Geddes, 559 F.2d at 560. Plaintiff requests both statutory and actual damages under the FDCPA and Rosenthal Act. Plaintiff seeks $4,000 in statutory damages, $2,234.66 in actual damages, and $5,000.00 to compensate Plaintiff for her emotional distress. (Mot. at 18.)

#### 1. Statutory Damages

Plaintiff requests an award of $4,000 in statutory damages - the $1,000 available under the FDCPA plus the $1,000 available under the Rosenthal Act for each of the two Defendants.

"Remedies under the FDCPA and [Rosenthal Act] are cumulative and the penalties may be awarded under both statutes for the same act." Ortega v. Griggs & Associates LLC, 11-cv-02235, 2012 WL 2913202, at *4 (N.D. Cal. July 13, 2012) (citing 15 U.S.C. § 1692; Cal Civ. Code § 178832 ("The remedies provided herein are intended to be cumulative and are in addition to other procedures, rights, or remedies under any other provision of law.")). Under the FDCPA, a debt collector who fails to comply with any provision of the FDCPA is liable for statutory damages not to exceed $1,000. 15 U.S.C. § 1692k(a)(2)(A). Similarly, the Rosenthal Act states that statutory damages "shall not be less than one hundred dollars ($100) or greater than one thousand dollars ($1,000)." Cal. Civ. Code § 1788.30(b).

In determining the amount of liability, the court should consider, among other things, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional. . . ." 15 U.S.C. § 1692k(b)(1). "Statutory damages are available without proof of actual damages." Reenders v. Premier Recovery Group, 18-cv-07761, 2019 WL 2583595, at *5 (N.D. Cal .May 7, 2019).

Here, the Court concludes that Plaintiff has adequately alleged several violations of the FDCPA and Rosenthal Act based on Defendants' threats of a lawsuit, showing up at Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01036 PA (KKx) | Date | August 18, 2020 |
|---|---|---|---|
| Title | Ruth Cantu v. A R Client Services LLC, et al. | | |

house in the middle of the night, and going through Plaintiff's mail. Thus, the Court concludes that Plaintiff is entitled to statutory damages under both the FDCPA and Rosenthal Act.

However, both statutes allow a maximum of $1,000 **total**, not $1,000 per Defendant. Thus, the Court awards Plaintiff $2,000 in statutory damages ($1,000 under the FDCPA and $1,000 under the Rosenthal Act). See Ortega, 2012 WL 2913202, at *4 (awarding $2,000 total in statutory damages under the FDCPA and Rosenthal Act for two defendants).

    **2.**     **Actual Damages**

In addition to statutory damages, Plaintiff seeks recovery of actual damages. (Mot. at 12). Plaintiff seeks "actual damages of $2,234.66 to compensate Plaintiff for out of pocket expenses as well as $5,000 to compensate Plaintiff for her emotional distress." (Id. at 18.)

"The FDCPA and [Rosenthal Act] both allow for both actual and statutory damages." Ortega, 2012 WL 2913202, at *4. In support of her actual damages, Plaintiff has provided a declaration sworn under penalty of perjury, as well as receipts showing the cost of security equipment Plaintiff purchased as a result of Defendants' conduct. The Court therefore awards Plaintiff actual damages of $2,234.66. (See Dkt. No. 17-3, Decl. of R. Cantu, Ex. A.)

In addition, the Court finds damages of $5,000 for Plaintiff's emotion distress appropriate. In her declaration, Plaintiff states she sought legal counsel in April of 2020 because she was "scared, confused, and concerned for [her] safety," because Defendants "were harassing [her] in connection with their attempts to collect an alleged debt." (Mot. ¶ 2.) Defendants' tactics caused Plaintiff to "suffer a great deal of mental anguish in the form of stress, anxiety, nervousness, restlessness, and sleeplessness." (Id. ¶ 6.) Consequently, in November 2019 Plaintiff "sought medical care and saw [her] doctor regarding the stress and anxiety caused by Defendants, and [she] was prescribed medication to help [her] relax and sleep." (Id.)

As required by 15 U.S.C. § 1692k(b)(1), the court has considered "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." The amount plaintiff seeks for emotional distress damages is unopposed and appears warranted by the defendant's conduct. See Morisaki v. Davenport, Allen & Malone, Inc., 9-cv-0298, 2010 WL 3341566, at *4 (E.D. Cal. Aug. 23, 2010) (awarding plaintiff $73,000 in emotional distress damages for FDCPA and Rosenthal Act claims); Panahiasl v. Gurney, 4-cv-04479, 2007 WL 738642, at *2 (N.D. Cal. Mar. 8, 2007) (awarding plaintiff $50,000 in actual damages due to emotional distress arising from FDCPA violations). Thus, the Court awards Plaintiff $5,000 for her emotional distress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01036 PA (KKx) | Date | August 18, 2020 |
|---|---|---|---|
| Title | Ruth Cantu v. A R Client Services LLC, et al. | | |

### C.     Attorney Fees and Costs

Finally, Plaintiff seeks an award of attorney fees in the amount of $8,712.50. "Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings." Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003). However, "[i]n order to encourage private enforcement of the law . . . Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side." Id. Both the FDCPA and Rosenthal Act mandate the payment of reasonable attorneys' fees to a successful consumer. See 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c).

While Local Rule 55-3 provides a schedule of fees in the event of default judgment, "[i]f a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee . . . . When a party invokes that process, the court is obliged to calculate a 'reasonable' fee in the usual manner, without using the fee schedule as a starting point." Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1159 (9th Cir. 2018).

To determine reasonable attorneys' fees, district courts first calculate the "lodestar" by multiplying the number of hours reasonably spent by a reasonable hourly rate. Pierce v. County of Orange, 905 F. Supp. 2d 1017, 1025 (C.D. Cal. 2012). The burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. Gates v. Gomez, 60 F.3d 525, 534 (9th Cir. 1995). "In a case in which a defendant fails to appear or otherwise defend itself . . . the burden of scrutinizing an attorney's fee request . . . shifts to the court." Vogel, 893 F.3d at 1160 (citing Tuli v. Republic of Iraq, 172 F.3d 707, 712 (9th Cir. 1999)). Once the lodestar is determined, the Court then considers whether the lodestar amount should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). See Morales v. City of San Rafael, 96 F.3d 359, 363-64 (9th Cir. 1996). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." Id. at 363 n.8.

Here, Plaintiff is the prevailing party, and an award of attorneys' fees is appropriate. See Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134-37 (9th Cir. 2002). In her Motion, Plaintiff claims to have incurred attorney fees in the amount of $8,712.50, which includes fees resulting from 20.5 hours of work billed at $425 per hour. (Mot. at 17.)

First, with respect to Plaintiff's attorney Mona Amini's hourly rate, Ms. Amini was admitted to the bar in 2014 and seeks an hourly rate of $425. Ms. Amini states this rate is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01036 PA (KKx) | Date | August 18, 2020 |
|---|---|---|---|
| Title | Ruth Cantu v. A R Client Services LLC, et al. | | |

reasonable because she has significant experience litigating FDCPA cases, and has undergone training specifically related to FDCPA and Rosenthal Act work. (Decl. of M. Amini ¶¶ 16-17.) Ms. Amini also notes that on February 8, 2019, another judge deemed Ms. Amini's requested hourly rate of $395.00 per hour reasonable. (Id. ¶ 24 (citing Santana, et al. v. Rady Children's Hospital - San Diego, 37-2017-00022411-CU).) Given Plaintiff's experience with FDCPA and Rosenthal Act cases, the Court finds a rate of $425 per hour reasonable. See Schuchardt v. Law Office of Rory W. Clark, 314 F.R.D. 673, 689 (N.D. Cal. 2016) (approving a $400 hourly rate for attorney with similar experience in an FDCPA action).

Further, the Court finds 20.5 hours to litigate this case reasonable. Plaintiff's counsel attached a billing invoice to her declaration, which supports the number of hours Ms. Amini has worked on this case. (See Decl. Of M. Amini, Ex. A.)

Finally, the Court awards Plaintiff her requested $638 in costs. Plaintiff's Counsel submitted evidence of the costs charged to litigate this case, including a $400 filing fee and $238.54 for service processing fees.

## Conclusion

For the foregoing reasons, the Court grants Plaintiff's Motion for Default Judgment. The Court awards Plaintiff $2,000.00 in statutory damages, $7,234.66 in actual damages, $8,712.50 in attorney fees, and $638.54 in costs. The Court will enter a Judgment consistent with this Order.

IT IS SO ORDERED.